**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

RICKY L. LENARD                                                                      PLAINTIFF
ADC #75333

V.                                    NO: 2:09CV00003 SWW/HDY

CORRECTIONAL MEDICAL
SERVICES, INC. *et al.*                                                           DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

W. Wright.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original,  of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:
        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Diagnostic Unit of the Arkansas Department of

Correction, filed this complaint, pursuant to 42 U.S.C. § 1983, against Defendants, on January 8,

2009.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense

of money and manpower inherent in such a trial, the Court held an evidentiary hearing on October

27, 2009, to determine whether this case should proceed to a jury trial.  Pursuant to the standard set

forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered

Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's

favor, and refrained from making any credibility determinations. *Id*. at 135-6.  Viewing the evidence

presented during the hearing in this light, the Court must now decide "whether the evidence presents

a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2

(1986).  Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.      Although Plaintiff is now housed at the Varner Unit, the events giving rise to this claim began when Plaintiff was seen at the ADC's Diagnostic Unit in June of 2008.

2.      Defendants are Correctional Medical Services, Inc., and Joseph Hughes, a physician at the East Arkansas Regional Unit.

3.      According to Plaintiff, he was seen at the Diagnostic Unit on June 18, 2008, and told he was anemic, and needed more blood tests.  He was given tests, but never notified of the results.  After he filed grievances, he was seen by Hughes on September 11, 2008 and told he had Hepatitis B and C.

4.      Upon confirmation of Plaintiff's condition, he was placed into the chronic care program, and given a high protein diet, but not placed on medication for his hepatitis at that time.  Hughes told Plaintiff that he would order more testing and determine the appropriate treatment plan at a later date.[1]

5.      Plaintiff was released from prison in March of 2009, but returned on June 25, 2009.  Plaintiff did not see a physician during the time he was not incarcerated.

6.      Plaintiff's condition has been essentially unchanged during his incarceration and time in the free world.

7.      The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively

---

[1]During his incarceration, Plaintiff was provided with medication for a skin condition.

knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8the Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

8. Plaintiff is being followed in the prison's chronic care clinic, and his condition is being monitored. Although there appears to have been some delay in reporting the results of certain blood testing to Plaintiff, he testified that no physician has ever offered an opinion that he should be receiving some level of care that he is not now being provided. When an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff testimony establishes that there is no such evidence.

9. Plaintiff's testimony at the hearing indicates he can establish at most a disagreement he has with his medical care. Because such a disagreement is not actionable, his complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this __28__ day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE